**Salvador Antonio AYALA–EUCEDA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77272.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan K. Houser, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Salvador Antonio Ayala–Euceda, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT").

We dismiss Ayala–Euceda's CAT claim for lack of jurisdiction, because he did not exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). We have jurisdiction under 8 U.S.C. § 1252 to review the remaining claims. We review for substantial evidence and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir.2005). We deny the claims.

Ayala–Euceda contends he fears persecution on account of his membership in a particular social group. We disagree that young adult males who resisted recruitment by an El Salvadoran gang constitute a particular social group, and thus conclude that the BIA properly found that Ayala–Euceda failed to show a nexus to a protected ground. *See id.* at 1170–71 (holding that a social group defined as "business owners who resist pressure from narco-traffickers to participate in illegal activity" was "too broad"). Ayala–Euceda also failed to show that the threats against him were made by forces that the government is unable or unwilling to control. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005).

Accordingly, Ayala–Euceda has failed to establish eligibility for asylum or withholding of removal. *See Ochoa*, 406 F.3d at 1171–72.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

